UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

DEC 0 6 2016



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTA FEATHERMAN,<br><br>Defendant. | 5:16-MJ-00194-JLV<br><br>ORDER DENYING<br>MOTION FOR INJUNCTION |

Defendant Roberta Featherman filed a Motion for a Preliminary Injunction (Doc. 15) to prohibit companion case defendants Terry Featherman (16-mj-188), Darshan Featherman (16-mj-189), Rainbow Spoonhunter (16-mj-190), Tressa Means Featherman (16-mj-191), Jeff Shoulders (16-mj-192), Harold Red Owl (16-mj-193), and Roberta Featherman (16-mj-194) from talking to new media or posting on electronic media. Additionally, Roberta Featherman moves for an injunction prohibiting the above named defendants' lawyers, law enforcement officials, and witnesses from talking to the news media or posting on social media regarding the case.

In determining whether to grant a preliminary injunction, the court is to consider (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and

(4) whether the issuance of the preliminary injunction is in the public interest. Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). The court is to balance the four factors with no single factor being determinative. Id. at 113. The burden is on the moving party to establish the need for a preliminary injunction.

"It is clear that even a short-lived 'gag' order in a case of widespread concern to the community constitutes a substantial prior restraint and causes irreparable injury to First Amendment interests as long as it remains in effect." Capital Cities Media, Inc. v. Toole, 463 U.S. 1303, 1305 (1983). "Any system of prior restraint of expression comes to this Court bearing a heavy presumption against its constitutional validity," and therefore, the movant, "carries a heavy burden of showing justification for the imposition of such a restraint." New York Times Co. v. United States, 403 U.S. 713, 714 (1971). Imposing a gag order on parties and witnesses raises significant constitutional concerns. In Roberta Featherman's motion, she fails to set forth any reason, let alone a compelling reason, as to why the witnesses or co-defendant's First Amendment rights should be restrained.

In addition to witnesses and co-defendants, Roberta Featherman requests that the attorneys and law enforcement officials be restrained from speaking about the case. In the recent case of Graham v. Weber, No.Civ.13-4100, 2015 WL 2337372, (D.S.D. Oct. 5, 2015), District Judge Lawrence L. Piersol, analyzed whether a preliminary injunction should be entered prohibiting South Dakota Attorney General Marty Jackley from speaking about

Graham's involvement in the Annie Mae Aquash murder case. Attorney General Jackley was speaking about the Aquash case at the time when Graham's habeas corpus petition was pending in federal court. The court denied the motion for an injunction because the requested relief did not bear a relationship to the underlying complaint. The court stated, "A preliminary injunction must be denied if it is of a differing character than that which may be finally granted after trial on the merits or when the preliminary injunction contemplates matters unrelated to the underlying action." Id. at ¶2. Here, if Roberta Featherman's proposed preliminary injunction is granted, the stifled speech would not be the same relief that would be granted at a jury trial on the merits, to-wit: a verdict as to guilt or innocence. Roberta Featherman has failed to meet her burden to show a preliminary injunction is merited.

In Graham, Judge Piersol further analyzed whether a gag order should be issued in order to preserve the defendant's constitutional rights to a fair trial. Id. at ¶2. In particular, the court considered whether Rule 3.6 of the South Dakota Rules of Professional Conduct may or should be used to impose a gag order on the lawyers. Rule 3.6 provides as follows:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extra judicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in any manner.

South Dakota Rules of Professional Responsibility, R. 3.6(a).

A special duty is imposed on prosecutors in Rule 3.8. It provides in pertinent part:

> The prosecutor in a criminal case shall:
>
> (f) except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action that serves a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused **and exercise reasonable care to prevent investigators, law enforcement personnel, employees of other persons assisting or associated with the prosecutor** in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6 or this Rule.

South Dakota Rules of Professional Responsibility, R. 3.8. (emphasis added).

Attorneys are entitled to a lesser constitutional protection than the First Amendment standard afforded to the public and the media. Gentile v. State Bar of Nevada, 501 U.S. 1030, 1111 (1991). Thus, regulating attorney speech requires 'a less demanding standard than that established for regulation of the press." Id. at 1074. In order to restrict attorney speech, the movant must show that there is a "substantial likelihood of material prejudice." Graham, 2015 WL 2337372, at ¶ 8. "Any regulation imposed upon a lawyer must be narrowly tailored." Gentile, 501 U.S. at 1075-76.

Roberta Featherman has failed to show how attorney speech poses a substantial likelihood of material prejudice. Her proposed injunction is very broad in scope and ignores other less restrictive alternatives such as transferring the case, extensive voir dire, and emphatic jury instructions.

Gentile, 501 U.S. at 1075.  Therefore, her motion for a preliminary injunction is denied.

Attorney adherence to Rule 3.6 and Rule 3.8 is the least restrictive alternative.  "Because of their legal training, attorneys are knowledgeable regarding which extrajudicial communications are likely to be prejudicial." United States v. McGregor, 838 F.Supp.2d 1256 (M.D.Ala. 2012).  The court instructs attorneys to adhere to its obligations under the South Dakota Rules of Professional Conduct.

DATED this 6th day of December, 2016.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge